UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SERPIK-FAMILY, ROMAN-VLADIMIROVICH, | ) ) ) |
| Plaintiff, | ) ) ) Case No. CIV-25-2-R |
| v. | ) ) ) |
| GINA WEBB, et al., | ) ) ) |
| Defendants. | ) |

## ORDER

This order disposes of the three motions submitted by Plaintiff, who describes himself as "Serpik-Family, Roman-Vladimirovich, living-man-on-the-real-land."

First, Plaintiff's "Demand for Extension to Refile notice of Pending Demand After Stricken 23rd January 2025" [Doc. No. 29] is DENIED as moot. This document appears to be requesting an extension of time to file a notice of pending motion and response in connection with a motion to dismiss that was filed by Defendant Karnowski in state court prior to removal. Defendant Karnowski has already filed a notice of pending motion and included a copy of Plaintiff's response. Accordingly, there is no need for Plaintiff to submit a separate notice of pending motion or re-file his response brief.

Second, Plaintiff's "Demand for Injunction, Sanctions, and Restraining Order to Prevent Fale Statements and Defamatory References from Donna Howell and Her Counsel" [Doc. No. 28] is DENIED. This motion contends that Defendant Howell (and her attorneys) made "false and defamatory statements associating Plaintiff with 'sovereign citizen groups' or similar organizations without any evidentiary basis" and includes a

declaration stating that he is not affiliated with any sovereign citizen groups.[1] Plaintiff appears to be taking issue with statements made in Defendant Howell's pending motion to dismiss [Doc. No. 24] that characterize Plaintiff as a sovereign citizen and describe the sovereign citizen movement. Plaintiff's pleadings in this case are littered with references to himself as a "sovereign state national plaintiff," "sovereign pro per plaintiff," or "sovereign citizen." And in one of his many prior lawsuits, his claims were described as containing "the hallmarks of typical sovereign citizen arguments." *Serpik v. Weedon*, No. CIV-23-00988-JD, 2024 WL 556680, at *3 (W.D. Okla. Feb. 12, 2024). Accordingly, Plaintiff's complaints regarding the content of Defendant Howell's brief are entirely without merit. Moreover, he has not come close to meeting the standards for injunctive relief under Fed. R. Civ. P. 65 or for imposing sanctions under Fed. R. Civ. P. 11.

Last, Plaintiff's "Demand to Accept Service Made on Defendants in Beckham County District Court" [Doc. No. 20] is DENIED. This motion requests that the Court deem the service purportedly issued on Defendants Marsee, Webb, and Beckham County Record Newspaper as valid for purposes of this proceeding. Plaintiff contends that he properly served these defendants in state court prior to removal. Plaintiff's request with respect to Defendants Marsee and Webb is moot as these defendants have both appeared in this action and filed a motion to dismiss. As to the Beckham County Record Newspaper, the service is not effective because the state court summons was not issued or served on

---

[1] Plaintiff also complains about Defendant characterizing him as proceeding "pro se" rather than "pro per." Both terms mean essentially the same thing – that a litigant is proceeding without a lawyer and on his own behalf, which is precisely what Plaintiff is doing in this action.

this defendant prior to removal. *See* Doc. No. 1-1; *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010) ("We agree with [defendant] that, because the summons had not been served on it before removal, service was not perfected at the time the case was removed.").

As set out above, Plaintiff's motions are DENIED.

IT IS SO ORDERED this 5th day of February, 2025.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE