## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SERPIK-FAMILY, ROMAN-VLADIMIROVICH, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CIV-25-02-R |
| | ) | |
| v. | ) | |
| | ) | |
| GINA WEBB, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The following motions are pending before the Court:

- Motion to Dismiss filed by Defendants Vaughan and Gossen [Doc. Nos. 12, 25]
- Motion to Dismiss, or in the alternative, Motion for Summary Judgment filed by Defendant Howell [Doc. Nos. 24, 49, 59][1]
- Motion to Dismiss filed by Defendant Karnowski [Doc. Nos. 22, 22-1, 22-2 56]
- Motion to Dismiss filed by Defendants Webb and Marsee [Doc. Nos. 33, 51, 62, 74]
- Motion to Strike/Motion to Dismiss filed by the Beckham County Record [Doc. No. 82, 84]
- Plaintiff's Demand to Remand Partial Claims for Lack of Jurisdiction [Doc. Nos. 19, 43, 45, 55, 57]
- Plaintiff's Demand for Equitable Tolling [Doc. Nos. 42, 53, 65, 68, 77]
- Plaintiff's Demand to Compel [Doc. Nos. 44]
- Plaintiff's Demand to Compel Defendants Vaughan, Gossen, Webb, Marsee to Prove Challenged Territorial, Subject Matter, and Personal Jurisdiction in Beckham County Oklahoma Case: CM-2023-31, to Argue Immunity, and for Declaratory Judgment Regarding Legal Identities and Fraud Under Rico, Demand to Suppress [Doc. Nos. 47].

---

[1] Defendant Howell filed an amended motion to dismiss to correct a scrivener's error in the title of the motion. *See* Doc. Nos. 17, 18, 23.

- Plaintiff's Demand "Pro Se" to "Pro Per" Correction of Judicial Record, and Disqualify Biased Court Officers, Judicial Notice of Discrimination [Doc. No. 50, 54, 67]
- Plaintiff's Demand to Recuse Judge David L. Russell for Bias, Prejudice and Fraud upon the Court [Doc. No. 52, 61, 73, 80]
- Plaintiff's Demand for Leave to Exceed Page Limit Nunc Pro Tunc [Doc. No. 58, 81, 83]
- Plaintiff's Demand to Compel Evidence Regarding Identity, Jurisdiction, and Definitions of Terms Defendant are Using, Relying On [Doc. Nos. 60, 64, 66, 76, 78]
- Plaintiff's Declaration and Demand to Strike Defendant's Response (Doc. 88) for Abusive Misrepresentation and Fraud on the Court [Doc. Nos. 89, 90]

After considering all of the arguments asserted by the parties, the Court finds that Plaintiff has failed to state any valid claims, and this action is therefore dismissed.[2]

## PROCEDURAL BACKGROUND

Plaintiff, proceeding pro se, initiated this action in the District Court of Beckham County, Oklahoma by filing a Verified Complaint [Doc. No. 1-2]. The case arises from Plaintiff's arrest on January 19, 2023 and subsequent criminal prosecution. *See* Compl. ¶¶ 5-40; *see also State of Oklahoma v. Serpik*, No. CM-2023-31 (Beckham Co., Okla.). The

---

[2] On March 3, 2025, Plaintiff filed a Notice of Appeal [Doc. No. 70] appealing two separate orders [Doc. Nos. 35, 45] denying Plaintiff's motions for an injunction or temporary restraining order. The appeal is currently pending before the Tenth Circuit. *See Serpik v. Webb, et al.,* Case No. 25-6026 (10th Cir.). "Although the filing of a notice of appeal ordinarily divests the district court of jurisdiction, in an appeal from an order granting or denying a preliminary injunction, a district court may nevertheless proceed to determine the action on the merits." *Free Speech v. Fed. Election Comm'n*, 720 F.3d 788, 791 (10th Cir. 2013) (internal quotation marks omitted). *See also Carbajal v. Williams,* 844 F. App'x 68, 71 (10th Cir. 2021) ("An interlocutory appeal from the denial of a preliminary injunction does not divest the district court of jurisdiction to adjudicate the underlying merits of an action."). Accordingly, this Court has jurisdiction to address the pending motions and the merits of Plaintiff's case.

Complaint asserts a variety of federal and state law claims based on these events and seeks declaratory relief, injunctive relief, and monetary damages. Defendant Donna Howell removed the case to this Court on the basis of federal question jurisdiction.

Notably, this is not Plaintiff's first attempt at litigating claims related to his arrest and prosecution. He has filed several other cases in state and federal court against various defendants based on the same general events that form the basis of this action. *See, e.g., Oklahoma v. Serpik,* No. CIV-23-00135-JD, 2023 WL 4534370 (W.D. Okla. July 13, 2023)*, appeal dismissed sub nom. Marsee v. Serpik,* No. 23-6106, 2023 WL 9529229 (10th Cir. Aug. 31, 2023); *Serpik v. Weedon,* No. CIV-23-00988-JD, 2024 WL 556680 (W.D. Okla. Feb. 12, 2024), aff'd, No. 24-6071, 2024 WL 5055221 (10th Cir. Dec. 10, 2024); *Serpik v. Hays*, No. CIV-23-00281-JD, 2023 WL 4564781 (W.D. Okla. July 17, 2023); *Roman Serpik LLC v. Marsee*, No. CIV-23-00148-JD, 2023 WL 4553622 (W.D. Okla. July 14, 2023); *Oklahoma v. Serpik*, No. CIV-23-00135-JD, 2023 WL 4534370 (W.D. Okla. July 13, 2023); *Serpik v. Marsee*, No. CIV-22-350-R, 2022 WL 2019284, at *1 (W.D. Okla. June 6, 2022); *Serpik v. Vaughan, et al.* No. CV-23-40 (Beckham Co, Okla.). Plaintiff also has a case that is presently pending before the undersigned that arises from the same events and involves the same defendants that are named in this action. *See Serpik v. Manning*, No. CIV-23-1093-R (W.D. Okla.).[3]

---

[3] The Court takes judicial notice of these records. *See United States v. Ahidley*, 486 F.3d 1184, 1192 (10th Cir. 2007) ("Although we are not obliged to do so, we may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand.").

## PLAINTIFF'S CLAIMS AND ALLEGATIONS

Defendants in this action include Gina Webb (an assistant district attorney), Angela C. Marsee (an assistant district attorney), Colby Vaughan (a state law enforcement officer), Patte Gossen (a state law enforcement officer), the Beckham County Record (a local newspaper), Nancy Karnowski (an alleged reporter with the Beckham County Record), and Donna Howell (the court clerk for Beckam County). They are named in both their individual and official capacities. The Complaint identifies Plaintiff as "Serpik-Family, Roman-Vladimirovich" and describes him as a "living-man-on-the-real-land, under natural and common law, and not to be construed with 'U.S. Citizens'; 'Roman Serpik', all caps style voids name), by and through [his] Sovereign-National, Diplomatic Status." Plaintiff's allegations are somewhat disjointed, but plainly concerns Plaintiff's arrest on January 19, 2023, incarceration in the Beckham County Jail, and prosecution in Beckham County.

The Complaint alleges that Defendants Vaughan and Gossen stopped him while he was on his way to a medical appointment and requested his driver's license. He attempted to provide a "Beckham-County-Publicly-Recorded-Treaty-Identification-Declaration." The declaration (which is included as an exhibit to the Complaint) states, among other things, that the name Roman Vladimirovich Serpik is a fictious creation of an agent for a government and all forms of government are not real. Defendants Vaughan and Gossen then arrested Plaintiff for obstructing a police officer and failing to stop at a red light. He

was transported him to the Beckham County Jail where persons not named as defendants in this action allegedly knocked him unconscious and denied him medical care.[4]

Several days later, Defendants Marsee and Webb initiated criminal proceedings by filing an Information that purportedly identified the wrong defendant because it named Roman Serpik, rather than Roman Vladimirovich Serpik or Roman Serpik, LLC. Defendant Howell (the Beckham County Court Clerk) allegedly filed the Information containing this "fictious name." The Complaint alleges that his criminal proceedings involved a variety of errors, such as misconstruing that he was appearing on behalf of the Roman Serpik estate rather than in his "sovereign man capacity" and not producing information establishing the territorial, subject, and personal jurisdiction for his criminal proceeding. The Complaint further alleges that Defendant Karnowski and the Beckham County Record wrote a news article that falsely identified Roman Vladimirovich Serpik as the man charged and associated him with the "sovereign citizen" movement.

Based on these allegations, the Complaint asserts a litany of state and federal claims, including claims for declaratory relief (count 1), injunctive relief (count 2), violation of due process (count 3), false arrest (count 4), false imprisonment (count 5), assault and battery (count 6), malicious prosecution (count 7), lack of jurisdiction in the criminal case (count 8), wire fraud in violation of 18 U.S.C. § 1343 (count 8), defamation (count 10), kidnapping and unreasonable seizure (count 11). In their respective motions to dismiss,

---

[4] To the extent the Complaint attempts to assert claims against Defendants for events that occurred at the jail, Plaintiff has not plausibly alleged their personal participation in these events and has therefore failed to a state claim against these Defendants.

Defendants raise a variety of defenses, including sovereign immunity, prosecutorial immunity, qualified immunity, res judicata, failure to state a plausible claim, and others. As explained below, several of these defenses are well-taken.

## STANDARD

Fed. R. Civ. P. 8(a)(2) requires a complaint to include "a short and plain statement...showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In assessing whether a complaint can survive a motion to dismiss under Rule 12(b)(6), courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In assessing plausibility, a court must accept all well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. *Alvarado v. KOB-TV, L.L.C.,* 493 F.3d 1210, 1215 (10th Cir. 2007). However, conclusory allegations are not entitled to the assumption of truth and courts are free to disregard them. *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

Additionally, where a plaintiff is proceeding pro se, his "pleadings are to be construed liberally." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The broad reading of a pro se complaint does not, however, "relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110. Dismissal of a pro se complaint for failure to state a claim is proper "where it is

obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay*, 500 F.3d at 1217 (quotation omitted).

## DISCUSSION

### A. Plaintiff's Claims are Premised on Frivolous Sovereign Citizen Theories

Plaintiff's Complaint and other pleadings raise sovereign citizen arguments that are frivolous and not asserted in good faith. For example, he refuses to use his legal name and instead refers to himself as "Serpik-Family, Roman-Vladimirovich." He describes himself as a "living-man-on-the-real-land, under natural and common law, and not to be construed with 'U.S. Citizens'; 'Roman Serpik', all caps style voids name), by and through [his] Sovereign-National, Diplomatic Status" and repeatedly refers to himself as appearing in a "sovereign capacity." Among other things, he complains that the state prosecution wrongfully identified him as Roman Serpik even though "[t]he Plaintiff, the man, under common law [jurisdiction] was arrested…and not the legal entity 'Roman Serpik,'" the state court somehow lacked "territorial, subject and personal jurisdiction" over him, and the whole prosecution was a fraud because the defendants construed Plaintiff as "appearing on behalf of the Roman Serpik estate rather than his true, sovereign-man-capacity." Compl. ¶¶ 24-30. Although Plaintiff argues that he is a "Sovereign State National" and not a "sovereign citizen," this is a distinction without a difference. His claims are premised on his belief that he is beyond the jurisdiction of the state authorities and courts and that all forms of government are not real. Another court in this district recently concluded that Plaintiff's claims contained "the hallmarks of typical sovereign citizen arguments" and his

"arguments are not based on a cognizable legal theory." *Serpik v. Weedon*, No. CIV-23-00988-JD, 2024 WL 556680, at *3 (W.D. Okla. Feb. 12, 2024). This Court agrees.

Sovereign citizen arguments are "plainly frivolous" and "should be rejected summarily." *United States v. Palmer*, 699 F. App'x 836, 838 (10th Cir. 2017) (quotation omitted). Plaintiff's Complaint and other filings are rife with frivolous sovereign citizen theories and other incoherent arguments. Even assuming that there is some plausible legal claim buried in Plaintiff's allegations, it is not the Court's job to "separate the wheat from the chaff" or "stitch together cognizable claims for relief." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007). Plaintiff's claims are not based on cognizable legal theories and are dismissed as frivolous and for failure to comply with Rule 8's requirement to include "a short and plain statement of the claim showing that the pleader is entitled to relief."

## B. This Action is Vexatious and Duplicative

"District courts have discretion to control their dockets by dismissing duplicative cases." *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011). This authority serves the "interests of promoting judicial economy and shielding parties from vexatious concurrent or duplicative litigation." *Id*. "Generally, a suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." *Ford v. Mischeviz*, 68 F. App'x 877, 878 (10th Cir. 2003) (quotation and brackets omitted). The ultimate question is "not whether there is finality of judgment, but whether the first suit, assuming it were final, would preclude the second suit." *Katz*, 655 F.3d at 1218.

Prior to initiating this action in state court, Plaintiff initiated a federal court action related to the same underlying events. *See Serpik v. Weedon, et al*., No. CIV-23-1093-R (W.D. Okla.). The defendants in this case are also named as defendants in the other action, and although the claims and specific relief sought vary to some degree, the causes of action all stem from a common set of facts. The other action was pending for nearly a year before Plaintiff initiated this case. If Plaintiff wanted to assert additional claims or arguments, he should have amended his complaint in the prior action rather than initating a separate, duplicative lawsuit.

In this same vein, the Court notes that Plaintiff has frustrated an orderly resolution of his claims by initiating overlapping lawsuits and filing numerous documents that are either procedurally improper, frivolous, or both. Although Plaintiff's status as a pro se litigant means that his pleadings are to be liberally construed, it does not entitle him to any preferred treatment with respect to the rules of procedure. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Plaintiff is advised that his habit of filing duplicative or improper papers, motions, and suits will only serve to delay, rather than expedite, the adjudication of his claims. Because this case is duplicative of a prior action, it is subject to dismissal.

## C. Plaintiff's Claims Fail for a Variety of Reasons

As noted above, this action is dismissed as frivolous and

### 1. The *Heck* Doctrine Precludes Several Claims

Under the *Heck* doctrine, a state prisoner cannot pursue § 1983 relief premised on the invalidity or duration of the prisoner's confinement. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (explaining that

"a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration").

The bulk of Plaintiff's claims relate to his arrest, prosecution, and subsequent conviction in Beckham County. Plaintiff appealed his conviction to the Oklahoma Court of Criminal Appeals and the conviction was affirmed. *See Serpik v. State of Oklahoma*, No. M-23-910 (Okla. Ct. Crim. App. April 3, 2025). Success on Plaintiff's claims would necessarily imply the invalidity of his conviction, so Plaintiff's action cannot proceed until the conviction has been overturned. Counts 3, 4, 5, 7, 8, 11 and all forms of injunctive or declaratory relief associated with these claims are therefore dismissed.

### 2. Claim Preclusion Bars the Claims Asserted Against Defendants Marsee, Vaughen, and Gossen

In *Lenox MacLaren Surgical Corp. v. Medtronic, Inc*., 847 F.3d 1221, 1239 (10th Cir. 2017), the Tenth Circuit set out the standards that govern the rule of claim preclusion:

> The doctrine of res judicata, or claim preclusion, will prevent a party from litigating a legal claim that was or could have been the subject of a previously issued final judgment. The principle underlying the rule of claim preclusion is that a party who once has had a chance to litigate a claim before an appropriate tribunal usually ought not have another chance to do so. To apply claim preclusion, three elements must exist: (1) a final judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits. In addition, even if these three elements are satisfied, there is an exception to the application of claim preclusion where the party resisting it did not have a full and fair opportunity to litigate the claim in the prior action.

(internal quotations, citations, and brackets omitted). Regarding the third element, the Tenth Circuit "embraces the transactional approach" which requires "all claims or legal theories of recovery that arise from the same transaction, event, or occurrence" to be "presented in one suit or be barred from subsequent litigation." *Nwosun v. Gen. Mills Restaurants, Inc*., 124 F.3d 1255, 1257 (10th Cir. 1997)

Plaintiff previously sued Defendant Marsee in her individual capacity for claims arising from her involvement in the state court prosecution. The claims were dismissed with prejudice on the basis of absolute prosecutorial immunity after Defendant Marsee filed a motion to dismiss. *Roman Serpik LLC v. Marsee*, No. CIV-23-00148-JD, 2023 WL 4553622, at *4 (W.D. Okla. July 14, 2023). Plaintiff also previously sued Defendants Vaughan and Gossen in state court for false imprisonment, assault and battery, and other torts. The claims were dismissed with prejudice for failure to comply with the Governmental Tort Claims Act, immunity for acts occurring within the scope of employment pursuant to the Governmental Tort Claims Act, failure to state a cognizable claim, and as an impermissible collateral attack on a criminal case. *See Serpik v. Vaughan, et al.*, No. CV-23-40 (Beckham Co. November 6, 2023).

Plaintiff's current claims against Defendants Marsee, Vaughan, and Gossen fall within the claim preclusion rule and there is no indication that he did not have a full and fair opportunity to litigate these claims. Accordingly, all counts asserted against these defendants in their individual capacities are subject to dismissal as barred by the doctrine of claim preclusion.

### 3. Defendants Marsee and Webb are entitled to Prosecutorial Immunity

"Prosecutors are absolutely immune from civil liability for damages for acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." *Stein v. Disciplinary Bd. of Supreme Ct. of NM*, 520 F.3d 1183, 1193 (10th Cir. 2008) (quotation omitted). To determine specific conduct constitutes a prosecutorial activity, "the determinative factor is advocacy because that is the prosecutor's main function." *Gagan v. Norton*, 35 F.3d 1473, 1475 (10th Cir. 1994) (quotation omitted).

Plaintiff complains that Defendants Marsee and Webb initiated criminal proceedings without probable cause and or proper jurisdiction, committed discovery violations, and committed other errors during his trial. At bottom, all of Plaintiff's claims against these Defendants relate to their role as prosecutors in the criminal case and concern activities that fall within the scope of their duties as advocates. For that reason, Defendants Marsee and Webb are entitled to absolute prosecutorial immunity and the federal claims against them are subject to dismissal.

### 4. Defendants Howell, Vaughen, and Gossen are entitled to Qualified Immunity

"Public officials enjoy qualified immunity in civil actions that are brought against them in their individual capacities and that arise out of the performance of their duties." Rhodes, 843 F.3d at 864 (10th Cir. 2016) (quotation). To overcome the presumption of qualified immunity, "a plaintiff must show that: (1) the public official violated the

plaintiff's constitutional rights; and (2) these rights were clearly established at the time of the alleged violation."

Although the Complaint makes numerous conclusory assertions regarding Defendant Howell's involvement in Plaintiff's prosecution, the limited factual allegations indicate that the claims against Defendant Howell are premised on actions taken in her role as the court clerk. More specifically, Plaintiff alleges that she accepted for filing an Information that contained a fictious name for Plaintiff. Even assuming there was an error in the name included on the Information, Plaintiff has not identified a constitutional right that was violated by Defendant Howell's filing of an Information prepared by an assistant district attorney, let alone a clearly established one. Moreover, Plaintiff has not included sufficient factual allegations regarding Defendant's Howell involvement in any other alleged constitutional violations. Defendant Howell is therefore entitled to qualified immunity on the federal claims.

Defendants Vaughan and Gossen are likewise entitled to qualified immunity for any claims premised on his arrest. Plaintiff's claims against these Defendants are premised on his unfounded assertions that he was not actually driving a motor vehicle or that running a stop light is not a crime. Plaintiff has not shown that these defendants violated any clearly established constitutional rights by arresting Plaintiff for violations of state law.

**5. The Tort Claims Asserted Against the State and its Employees are Barred by the Governmental Tort Claims Act**

The Oklahoma Governmental Tort Claims Act "is the exclusive remedy for an injured plaintiff to recover against a governmental entity in tort." *Tuffy's, Inc. v. City of*

*Oklahoma City*, 212 P.3d 1158, 1163 (Okla. 2009). Pursuant to the GTCA, "[a] claim against the state or a political subdivision shall be forever barred unless notice thereof is presented within one (1) year after the loss occurs." Okla. Stat. tit. 51, § 156. Plaintiff concedes in his Complaint that he did not file a timely notice of tort claim, Compl. at p. 13, and he has not identified any grounds that would warrant equitable tolling of the limitations period. Although Plaintiff blames his untimely filing on his incarceration and lack of resources, these are not the type of circumstances that support equitable tolling, particularly given that Plaintiff was not even incarcerated during the entire limitations period. *See Alexander v. Oklahoma*, 382 F.3d 1206, 1219 (10th Cir. 2004); *Watkins v. Cent. State Griffin Mem'l Hosp.*, 377 P.3d 124, 132 (Okla. 2016) (discussing equitable tolling under Oklahoma law). Because Plaintiff concedes that he did not submit a timely tort claim notice, his state law claims against are barred.

The GTCA further provides that "[i]n no instance in any such action shall an employee of the state or of a political subdivision of the state acting within the scope of employment be named as defendant[.]" *Id.* at § 153(C). After putting aside Plaintiff's conclusory or frivolous assertions, there are no factual allegations plausibly suggesting that Defendants Marsee, Webb, Vaughan, Gossen, or Howell were acting outside the scope of their employment during the alleged events. *See id.* at § 152(12) (defining scope of employment as the "performance by an employee acting in good faith within the duties of the employee's office or employment or of tasks lawfully assigned by a competent authority"). These Defendants are therefore improperly named with respect to the state law tort claims.

Regardless of these defects, Plaintiff's state law claims fail because they fall within

an exemption. The GTCA provides that the state shall not be liable if a loss or claim results

from:

> 2. Judicial, quasi-judicial, or prosecutorial functions, other than claims for
> wrongful criminal felony conviction resulting in imprisonment provided for
> in Section 154 of this title;
> 3. Execution or enforcement of the lawful orders of any court;
> 4. Adoption or enforcement of or failure to adopt or enforce a law, whether
> valid or invalid, including, but not limited to, any statute, charter provision,
> ordinance, resolution, rule, regulation or written policy;
> 5. Performance of or the failure to exercise or perform any act or service
> which is in the discretion of the state or political subdivision or its employees;
> 6. Civil disobedience, riot, insurrection or rebellion or the failure to provide,
> or the method of providing, police, law enforcement or fire protection;….

*Id.* at § 155. Plaintiff's claims result from Defendants' enforcement of certain laws and

other acts that are judicial, quasi-judicial, or prosecutorial. Pursuant to the GTCA, the state

is exempt from liability for these claims.

### 6.  Plaintiff Fails to State an Official Capacity Claim Under § 1983

Although Plaintiff's responsive briefing suggests that he is not suing the individual

defendants in an official capacity, *see* Doc. Nos. 25 at 3, his Complaint asserts official

capacity claims under 42 U.S.C. § 1983. However, in *Will v. Michigan Department of State*

*Police*, 491 U.S. 58 (1989), the Supreme Court held that "neither a State nor its officials

acting in their official capacities are 'persons' under § 1983." Plaintiff seeks money

damages from Defendants Marsee, Webb, and Vaughen, who are state employees named

in their official capacity. *See Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs*, 263 F.3d 1151,

1153-54 (10th Cir. 2001) ("[u]nder Oklahoma law, a district attorney is an arm of the

state"). Pursuant to *Will*, Plaintiffs' § 1983 claims seeking monetary relief against these defendants in their official capacities are subject to dismissal.

"[A] state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State." *Will*, 491 U.S. at 71, n. 10 (internal quotation marks and citation omitted). However, the declaratory and injunctive relief sought by Plaintiff with respect to these Defendants is either based on frivolous arguments, does not involve prospective relief, or improperly seeks mandamus relief from state officials. *See Sockey v. Gray*, 159 F. App'x 821, 822 (10th Cir. 2005) ("Federal courts are without jurisdiction to grant a writ of mandamus against state and local officials.").

### 7. Plaintiff Has Failed to State Plausible Claims

Several of Plaintiff's claims also lack sufficient factual allegations to state a plausible claim. Plaintiff asserts a claim for assault and battery under state law as well as a claim for cruel and unusual punishment under the Eighth Amendment against Defendants Vaughan, Gossen, Marsee, Webb and Howell. However, Plaintiff has not adequately alleged that these Defendants personally participated or directed in any incident of excessive force, assault and battery, or mistreatment during his arrest or incarceration. The closest he comes is a statement that Defendants Vaughan and Gossen "manipulated Plaintiff to the ground." However, this allegation lacks the factual content necessary to plausibly allege that Defendants Vaughan and Gossen acted unlawfully.

Plaintiff's Complaint also makes some conclusory references to Defendants engaging a conspiracy to violate his civil rights under 42 U.S.C. § 1985, a civil conspiracy,

or a RICO conspiracy. However, Plaintiff has failed to allege facts showing any class-based or discriminatory animus, *see Jones v. Norton*, 809 F.3d 564, 578 (10th Cir. 2015), a pattern of activity, *see Clinton v. Sec. Benefit Life Ins. Co.,* 63 F.4th 1264, 1281 (10th Cir. 2023), or a meeting of the minds as to an unlawful course of action. *See Shoemaker Corp. III, Inc. v. Garrett*, 704 F. Supp. 3d 1222, 1259 (N.D. Okla. 2023). Plaintiff has therefore failed to state any plausible conspiracy claims.

Plaintiff asserts claims for defamation and wire fraud in violation of 18 U.S.C. § 1343 against Defendant Karnowski and the Beckham County Record.[5] The claims are based on a newspaper article that described Plaintiff's trial, identified Plaintiff as the man charged, and associated him with the sovereign citizen movement. First, with respect to the wire fraud claim, 18 U.S.C. § 1343 does not provide a private cause of action. *See Clements v. Chapman*, 189 F. App'x 688, 692 (10th Cir. 2006).[6] Second, Plaintiff has failed to adequately allege a claim for defamation. "For a private figure to state a claim for defamation, it must show: (1) A false and defamatory statement, (2) an unprivileged publication to a third party, (3) fault amounting at least to negligence on the part of the

---

[5] The Complaint does not separately identify the Beckham County Record as a defendant in the style or the list of parties. Based on the allegations in the four corners of the Complaint, it is not clear whether Beckham County Record is named as a separate defendant and for that reason alone dismissal of the Beckham County Record is warranted. Regardless, the Complaint fails to state any plausible claims against the Beckham County Record. Because the allegations are wholly insufficient, the Court finds it unnecessary to reach the Beckham County Record's arguments regarding the Oklahoma Citizens Participation Act, Okla. Stat. tit. 12, § 1430, et seq.

[6] Plaintiff's other claims premised on violations of state and federal criminal law, including his claim for kidnapping, fails for the same reason.

publisher; and (4) either the actionability of the statement irrespective of special damage [per se], or the existence of special damage [per quod]." *Payne v. WS Servs., LLC*, 216 F. Supp. 3d 1304, 1320 (W.D. Okla. 2016) (quotation omitted). Plaintiff references the article in his allegations and has included a copy of the article in his pleadings, but the article does not indicate that it was authored by Defendant Karnowski. *See* Doc. No. 22-2. Moreover, other than a conclusory assertion that Defendants "made up" certain statements, Plaintiff fails to adequately allege how Defendants acted negligently in reporting on Plaintiff's trial. In any event, Plaintiff's chief complaint about the article is that it inaccurately described him as adhering to the sovereign citizen movement. Any claim that he is being falsely associated with the sovereign citizen movement is undermined by his own arguments which are premised on sovereign citizen theories. Plaintiff's allegations are not sufficient to plausibly show that the article contained false and defamatory statements. Last, the news story reporting on Plaintiff's trial is privileged pursuant to Okla. Stat. tit. 12, § 1443.1, which protects fair and true reports of judicial proceedings. *See also Johnson v. KFOR*, 6 P.3d 1067, 1069 (Okla. Civ. App. 2000) (noting that the privilege applies when "a news story is substantially accurate").

### D. Plaintiff's Motions Are Denied

Plaintiff has filed numerous motions or other papers that are procedurally improper or meritless. First, the motions or requests included in Doc. Nos. 25, 51, and 67 are denied as violating LCvR7.1(c), which states that "[a] response to a motion may not also include a motion or a cross-motion made by the responding party." Second, (or alternatively), the motions filed at Doc. Nos. 25, 51, and 60 are denied as improperly seeking discovery in

violation of Fed.R.Civ. P. 26(d)(1) and LCvR26.3(a), which states that "[i]f a motion has been made pursuant to Fed. R. Civ. P. 12(b), no party may seek discovery from any source before that motion has been decided and all moving parties have filed an answer or been dismissed from the case.").

Several of Plaintiff's filings, although styled as a demand for certain relief, are more properly construed as raising arguments in response to Defendants' motions to dismiss. The Court has considered the arguments raised in these filings in assessing Defendants' motions and to the extent they seek further relief, they are denied. *See* Doc. Nos. 42, 44, 47, 89.

Plaintiff's Motion [Doc. No. 19] seeking to remand the state law claims for lack of jurisdiction is denied, as this Court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367 and there is no basis to decline supplemental jurisdiction. *See Est. of Harshman v. Jackson Hole Mountain Resort Corp .,* 379 F.3d 1161, 1165 (10th Cir. 2004) ("Judicial economy and fairness result from retaining jurisdiction over mixed state and federal claims where [t]he state and federal claims ... derive from a common nucleus of operative fact.") (quotation omitted).

Plaintiff's Motion [Doc. Nos. 50] requesting that he be referred to as proceeding "pro per" rather than "pro se" is meritless. Any alleged difference between the terms is legally insignificant and the motion is therefore denied.

Plaintiff's motion [Doc. No. 52] seeking recusal of the undersigned is denied.[7] Plaintiff has not identified any "reasonable factual basis" that would warrant recusal. *See United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993). His primary complaint is that he is being mischaracterized as a pro se litigant, described as a sovereign citizen rather than a sovereign national, and/or his disagreement with certain rulings. These arguments do not meet the standard for recusal. *See id.*; *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) ("Ordinarily, when a judge's words or actions are motivated by events originating within the context of judicial proceedings, they are insulated from charges of bias.").

Plaintiff's Demand for Leave to Exceed Page Limit Nunc Pro Tunic [Doc. No. 58] is denied as moot. The Court has considered the arguments raised in each of Plaintiff's numerous filings even though they exceed the page limitations set by Local Rules or violated other procedural rules. Further violation of page limitations or other rules will result in the Court striking Plaintiff's filings without further notice.

---

[7] To the extent Plaintiff invokes 28 U.S.C. § 144, his belatedly filed affidavit, belatedly filed in his reply brief, is legally insufficient to trigger the reassignment procedure outlined in this statute as it does not identify a personal bias or prejudice. *See United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992) ("Under § 144, the affidavits filed in support of recusal are strictly construed against the affiant and there is a substantial burden on the moving party to demonstrate that the judge is not impartial."); *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987) (finding that affidavits were legally insufficient under § 144 because "[t]here is no indication…that the judge had formed an opinion on the merits on some basis other than what he had learned from his participation in the case"); *Hall v. Burkett*, 391 F. Supp. 237, 242 (W.D. Okla. 1975) ("An affidavit of bias and prejudice is insufficient if based on prior adverse judicial rulings or conclusions, opinions, and subjective findings.").

## CONCLUSION

Defendants' respective Motions to Dismiss are GRANTED as outlined above and this action is dismissed without prejudice. Although the Court might ordinarily permit Plaintiff to amend his pleadings in light of his pro se status, the Court declines to do so here because this action is duplicative of another case and Plaintiff's claims are primarily based on frivolous sovereign citizen theories.

IT IS SO ORDERED this 20th day of June, 2025.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE