UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SERPIK-FAMILY, ROMAN-VLADIMIROVICH, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. CIV-25-2-R |
| GINA WEBB, et al., | ) ) ) |
| Defendants. | ) ) |

# ORDER

Before the Court is Defendant Howell's Motion for Attorneys' Fees [Doc. No. 98], Plaintiff's Motion to Stay Enforcement of Judgment [Doc. No. 107], and Plaintiff's Objection [Doc. No. 117] to the Clerk's Taxation of Costs. The motions are fully briefed and at issue.

This case arises from Plaintiff's arrest on January 19, 2023, incarceration in the Beckham County Jail, and prosecution in Beckham County. This action is only one of many lawsuits Plaintiff has brought against various defendants based on these same events. The Court previously granted Defendants' respective motions to dismiss and entered a judgment dismissing this action without prejudice. Defendant Howell now moves for an award of attorneys' fees pursuant to 42 U.S.C. § 1988.[1]

---

[1] Plaintiff has a separate case that is presently pending before the undersigned that arises from the same events that are involved in this action. *See Serpik v. Manning*, No. CIV-23-1093-R (W.D. Okla.). In his response brief, Plaintiff contends that the undersigned has a "disqualifying conflict of interest" because Plaintiff named the undersigned as a defendant in that separate case. After the Court dismissed this action and entered judgment, Plaintiff submitted a proposed Third Amended Complaint in CIV-23-1093 that named the

1

Section 1988(b) provides that in a civil rights action "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." "While a prevailing plaintiff ordinarily is entitled to attorney fees, a prevailing defendant in a civil rights action may recover attorney fees only if the suit was vexatious, frivolous, or brought to harass or embarrass the defendant." *Mitchell v. City of Moore*, 218 F.3d 1190, 1203 (10th Cir. 2000) (internal quotation marks and citation omitted). "A frivolous suit is one based on an indisputably meritless legal theory,...or whose factual contentions are clearly baseless." *Thorpe v. Ancell*, 367 F. App'x 914, 919 (10th Cir. 2010) (brackets and quotation marks omitted). "[T]his is a demanding standard, and it is rare for attorney fees to be assessed against a pro se plaintiff in a § 1983 action." *Olsen v. Aebersold*, 149 F. App'x 750, 752 (10th Cir. 2005) (citations omitted). In evaluating a request to award attorney fees against a pro se plaintiff, "the district court should consider the pro se plaintiff's ability to recognize the objective merit of his or her claim." *Houston v. Norton*, 215 F.3d 1172, 1175 (10th Cir. 2000).

This is one of those rare cases where it is appropriate to assess attorney fees against a pro se plaintiff. As previously noted, Plaintiff has filed several other lawsuits concerning

---

undersigned as a defendant. However, the magistrate judge assigned to the case denied Plaintiff's request to amend the complaint and the undersigned overruled Plaintiff's objection to the magistrate judge's decision. In any event, "baseless personal attacks on or suits against the judge by a party" do not satisfy the requirements for judicial disqualification. *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993); *see also United States v. Grismore,* 564 F.2d 929, 933 (10th Cir. 1977) ("A judge is not disqualified merely because a litigant sues or threatens to sue him."); *United States v. Greenspan*, 26 F.3d 1001, 1006 (10th Cir. 1994) ("Had there been any reason to believe that threats were made only in an attempt to obtain a different judge, to delay the proceedings, to harass, or for other vexatious or frivolous purpose, recusal would not have been warranted….").

these same events, none of which have been successful. Although "[t]he mere fact that a plaintiff has filed numerous lawsuits in the past does not support the imposition of fees[,]" *Houston*, 215 F.3d at 1175, Plaintiff's decision to repeatedly file lawsuits concerning the same issues indicates that this suit was brought to harass the defendants.

Moreover, at the time he initiated this action, it is clear that Plaintiff was aware that his claims were groundless. Plaintiff's claims against Defendant Howell are premised on his belief that Defendant Howell (the Beckham County Court Clerk) violated his rights or somehow committed fraud by filing an Information that misidentified him as Roman Serpik, which he believes is a "fictious name." However, prior to initiating this lawsuit, Plaintiff had already been advised that these sovereign citizen-type arguments are frivolous and that his claim that he was not properly identified in his criminal prosecution was meritless. *See, e.g., Serpik v. Weedon*, No. CIV-23-00988-JD, 2024 WL 556680 (W.D. Okla. Feb. 12, 2024), aff'd, No. 24-6071, 2024 WL 5055221 (10th Cir. Dec. 10, 2024) (concluding that "Serpik's claims are frivolous and that he has failed to state a claim on which relief can be granted"); *Serpik v. Haro, et al.*, CS-2024-145 (Beckham Co. Nov. 14, 2024) (dismissing claims premised on misidentifying Plaintiff). Further, at the very least, Plaintiff was aware that his claims against Defendant Howell were duplicative of the claims he asserted in CIV-23-1093-R, which was pending at the time he initiated this case. Plaintiff's filing of two separate lawsuits that concern the same events and seek essentially the same relief indicates that he is acting vexatiously and in bad faith.

This is not a case where an unrepresented litigant simply "fail[ed] to recognize subtle factual or legal deficiencies in his claims" or merely has a history of bringing

3

questionable lawsuits. *Houston,* 215 F.3d at 1175 (quotation marks omitted). Rather, Plaintiff's case filings in this action and litigation history demonstrate that this action, and specifically the claim against Defendant Howell, is frivolous, vexatious, and harassing. For that reason, an award of attorney fees is warranted.

"To determine a reasonable attorney's fee, the district court must arrive at a 'lodestar' figure by multiplying the hours plaintiffs' counsel reasonably spent on the litigation by a reasonable hourly rate." *Jane L. v. Bangerter*, 61 F.3d 1505, 1509 (10th Cir. 1995). The district court should also consider "what attorney services were performed, which services were necessary, and the value of the necessary services, and what a reasonable fee for such services, if any, should be." *Darrow v. Spencer*, 581 P.2d 1309, 1314 (Okla. 1978). Defendant Howell requests fees in the amount of $23,604.00, which is supported by an affidavit executed by defense counsel and a detailed billing statement. Counsel billed at hourly rates of $165 for partner attorney services, $140 for senior attorney services and $130 for associate attorney services while in state court, and $155 for senior attorney services and $145 for associate attorney services while in federal court. Paralegal services were charged at $80 per hour and legal assistant services at $55 per hour. The Court is familiar with the rates charged by lawyers and staff in the Oklahoma City metropolitan area and finds that these hourly rates are reasonable.

The Court additionally finds that the bulk of the entries are appropriate. However, after thoroughly reviewing the billing statement, there are some entries that reflect excessive work for the task described, reflect duplicative efforts by different attorneys, or

otherwise do not appear to be reasonably necessary.[2] Further, the billing entries seek compensation for work related to Plaintiff's interlocutory appeal before the Court of Appeals for the Tenth Circuit. Given that the appeal is still pending, the Court does not believe it would be appropriate to award fees for this appeal-related work at this time. *See Crumpacker v. Kansas, Dep't of Hum. Res.,* 474 F.3d 747, 756 (10th Cir. 2007) (holding "that appeal-related fees, including those incurred in an interlocutory appeal, must generally be awarded by us" although permitting the district court to determine the amount of fees for parties who prevail on interlocutory appeal and subsequently become a prevailing party). To address these deficiencies, the Court will impose a one third reduction in the fees requested. Applying this reduction results in a fee award of $15,736.[3]

Plaintiff has filed a Motion to Stay Enforcement of Judgment [Doc. No. 107]. Under Federal Rule of Civil Procedure 62, a plaintiff may obtain a stay by posting a bond or other security. Plaintiff argues that a stay is warranted because he has filed an appeal and suggests that the bond requirement be waived because he is indigent. Although district courts have the inherent authority to reduce or waive the requirement of a supersedeas bond, the general rule is that a full bond is required to stay the enforcement of a judgment pending an appeal. *Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986).

---

[2] For example, entries from February 25, 2025, February 26, 2025, and February 27, 2026 related to drafting responsive briefs seem excessive given the subject matter and the Court is unable to determine that the time entries lodged by the senior partner were reasonable and not duplicative.

[3] The Court additionally notes that Plaintiff's habit of filing duplicative, improper, or frivolous documents is at least partly responsible for increasing the amount of work performed by defense counsel in this case.

"A full supersedeas bond may be required where there is some reasonable likelihood of the judgment debtor's inability or unwillingness to satisfy the judgment in full upon ultimate disposition of the case and where posting adequate security is practicable, whereas no bond or a reduced bond would suffice when the creditor's interest, due to unusual circumstances, would not be unduly endangered." *Id.* (quotation marks omitted).

Here, the judgment Plaintiff references did no not award any money damages and there is no impending execution of the judgment. But regardless, Plaintiff has not met his burden of showing that posting a full bond is impossible or impractical. Further, "the interests of judicial economy support denying a stay" because "with prompt taxation, any appeal from the award of costs could feasibly be consolidated with the pending appeal on the merits." *Tilghman v. Kirby*, No. CV-13-73-D, 2016 WL 11473558, at *3 (W.D. Okla. June 21, 2016), report and recommendation adopted, No. CIV-13-73-D, 2016 WL 6996200 (W.D. Okla. Nov. 30, 2016) (internal quotation marks and citation omitted).

Last, Plaintiff has filed an Objection [Doc. No. 117] contesting the Clerk of Court's taxation of costs in Defendant Howell's favor on the ground that there has been no adjudication on the merits and Defendant Howell is not a prevailing party. Under Federal Rule of Civil Procedure 54(d), "costs—other than attorney's fees—should be allowed to the prevailing party." This rule "creates a presumption that the district court will award costs to the prevailing party." *Cantrell v. Int'l Bhd. of Elec. Workers, AFL-CIO, Loc. 2021*, 69 F.3d 456, 459 (10th Cir. 1995). Typically, "the litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d)[(1)]." *Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1234 (10th Cir. 2001) (quoting Wright & Miller, Federal Practice &

Procedure, § 2667). Crucially, "there must be a 'material alteration of the legal relationship of the parties' in order for there to be a prevailing party." *Allen v. Lang*, 738 F. App'x 934, 944 (10th Cir. 2018) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 604 (2001)). "[O]ne way to 'create that material alteration' is through "an 'enforceable judgment on the merits." *Id.* (quoting *Buckhannon*, 352 U.S. at 604) (brackets omitted). Further, "in cases not involving a settlement, when a party dismisses an action with or without prejudice, the district court has discretion to award costs to the prevailing party under Rule 54(d)." *Cantrell v. Int'l Bhd. of Elec. Workers, AFL-CIO, Loc. 2021*, 69 F.3d 456, 458 (10th Cir. 1995). Applying these principles, the Tenth Circuit has affirmed the award of costs to a defendant that prevailed on a Rule 12(b)(6) motion to dismiss in a civil rights case. *See Burton v. Vectrus Sys. Corp.*, 834 F. App'x 444, 447 (10th Cir. 2020).

Here, the Court granted Defendant Howell's motion to dismiss and entered judgment in Defendants' favor. Accordingly, Defendant Howell is a prevailing party for purposes of assessing costs. Additionally, although the Court has some discretion to withhold costs, Plaintiff has not presented any persuasive argument that would overcome the presumption in favor of awarding costs. *See Debord v. Mercy Health Sys. of Kan., Inc.*, 737 F.3d 642, 659 (10th Cir. 2013) (identifying circumstances in which costs may be properly denied).

As set out above, Defendant Howell's Motion for Attorneys' Fees [Doc. No. 98] is GRANTED in part, Plaintiff's Motion to Stay Enforcement of Judgment [Doc. No. 107] is DENIED, and Plaintiff's Objection [Doc. No. 117] is DENIED. Plaintiff's Demand to

7

Amend Filed Document 103 [Doc. No. 110] seeking to modify record to reflect that he is proceeding "sui juris" or "in propria persona" rather than pro se is DENIED, Plaintiff's Demand for Leave to File Reply Out of Time to Defendant's Response [Doc. No. 108] which seeks to file a surreply is DENIED, and Plaintiff's Declaration for Leave to File Surreply [Doc. No. 111] to Defendant's reply in support of her Bill of Costs is DENIED.

IT IS SO ORDERED this 26th day of August, 2025.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE