UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SERPIK-FAMILY, ROMAN-VLADIMIROVICH, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Case No. CIV-25-2-R <br> ) |
| GINA WEBB, et al., | ) <br> ) |
| Defendants. | ) |

# ORDER

Before the Court is Plaintiff's "Verified Declaration and (Motion) for Relief From Judgment Pursuant to Fed. R. Civ. P. 60(a), (b)(1), (b)(3), (b)(4), and (b)(6)" [Doc. No. 120].

Plaintiff's motion seeks to vacate the order and judgment entered June 20, 2025 [Doc. Nos. 91, 92] dismissing this action without prejudice. Plaintiff takes issue with nearly every basis for dismissal noted in the Court's order and asserts that the dismissal was "predicated on a profound mischaracterization of Plaintiff's claims, without subject and personal jurisdiction, a failure to construe facts in the light most favorable to Plaintiff, and the application of legal doctrines in a manner that contravenes binding precedent."

Plaintiff seeks relief under Federal Rule of Civil Procedure 60(a), which states:

> The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

Plaintiff has not identified a clerical mistake arising from oversight or omission that requires correction and, additionally, an appeal is pending. Relief under Rule 60(a) is therefore not warranted.

Plaintiff also seeks relief under Rule 60(b)(1), (3), (4) and (6), which states:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

...

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

…

or (6) any other reason that justifies relief.

"Rule 60(b) relief is extraordinary and may only be granted in exceptional circumstances. Parties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1290 (10th Cir. 2005) (quotations marks and citation omitted). The Court has considered Plaintiff's motion and finds that none of the categories outlined in Rule 60(b) are satisfied. Plaintiff provides no basis for reconsidering the order and judgment dismissing this action.

Accordingly, Plaintiff's motion is denied.

IT IS SO ORDERED this 8th day of September, 2025.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE